## Slaughter *v.* Gruntz, Appellant.

Argued November 15, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH. JJ. (SPAULDING, J., absent.)

*James Cole,* for appellant.

*Alan N. Bloch,* for appellee.

OPINION BY CERCONE, J., April 3, 1974:

This is an appeal from the dismissal of a rule to show cause why a default judgment should not be stricken. Plaintiff, Virginia Slaughter, filed an action in trespass against the defendant, Bernard Gruntz, by complaint which was served on defendant. The notice to plead endorsed on the complaint did not contain the following phrase: "or a default judgment may be entered against you." The defendant failed to file an answer to the complaint within twenty days after service thereof and plaintiff entered a default judgment against him. The defendant filed a motion to strike the default judgment for irregularities apparent on the face of the record and the court issued a rule to show cause why the judgment should not be stricken. Following a hearing on the rule to show cause, the lower court dismissed the rule. The defendant then instituted this appeal.

The basis for defendant's petition is plaintiff's failure to comply with Pennsylvania Rule of Civil Procedure 1361 regarding the "Notice To Plead." Plaintiff's notice endorsed on the complaint is deficient be-

cause it does not include the phrase, . . . "or a default judgment may be entered against you," as required by an amendment to the rule in effect since September 1, 1969.

Pennsylvania Rule of Civil Procedure 1026 relieves a defendant of the obligation to file a responsive pleading unless the complaint is properly endorsed with a notice to plead. In a note to this rule, the Rules Committee draws attention to Pennsylvania Rule of Civil Procedure 1361 as setting forth the proper form of the notice to plead. When a plaintiff seeks to enter a default judgment it is his duty to make certain that the notice to plead substantially complies with the form set forth in Rule 1361: *Whelan v. Mack,* 190 Pa. Superior Ct. 40, 151 A. 2d 797 (1959); *Ream v. Dow Chemical Co.,* 85 York L.R. 7 (1971). A notice to plead which does not contain the phrase, . . . "or a default judgment may be entered against you," is not in substantial compliance with Rule 1361. See *Kentucky Central Life Insurance Co. v. Hullis,* 59 D. & C. 2d 540 (C.P. Beaver County, 1972); *Borough of Rochester v. Dove,* 57 D. & C. 2d 662 (C.P. Beaver County, 1972); *Plunkett v. Carpec,* 56 D. & C. 2d 190 (C.P. Mercer County, 1972); *Weeden v. Creagh,* 84 York L.R. 151 (1970); *Pittsburgh Forgings Co. v. York Industrial Tool,* 84 York L.R. 37 (1970). If the notice to plead does not substantially comply with Rule 1361 no responsive pleading need be filed: *Phillips v. Evans,* 164 Pa. Superior Ct. 410, 65 A. 2d 423 (1949); *Ackerman v. N. Huntingdon Twp.,* 35 D. & C. 2d 172 (C.P. Westmoreland County, 1964). Under Pennsylvania Rule of Civil Procedure 1029 (d) averments in a pleading to which no responsive pleading is required are deemed to be denied. Because averments in such a pleading are deemed to be denied, they are therefore at issue and a default judgment may not be entered.

for failure to file a responsive pleading: Pa. R.C.P. 1037 (b); *Phillips v. Evans*, supra.

We shall therefore grant the petition to strike the judgment. Order of the lower court is hereby reversed.