440 A.2d 1208

**Leslie ANMUTH, Appellant,**

v.

**Mr. and Mrs. Dean CHAGAN and Franklin A. Chagan.**

**Leslie ANMUTH, Appellant,**

v.

**Mr. and Mrs. Dean CHAGAN and Joyce Chagan, Executrix of the Estate of Franklin Chagan, Deceased.**

Superior Court of Pennsylvania.

Argued Dec. 2, 1980.

Filed Jan. 29, 1982.

ment known as the "Laws Agreed Upon in England." *See,* Edelstein, *supra* n. 1.

Allen L. Feingold, Philadelphia, for appellant.

David L. Shenkle, Doylestown, for appellees.

Before SPAETH, BROSKY and HOFFMAN, JJ.

SPAETH, Judge:

This appeal is from an order quashing an appeal from arbitration as untimely. Appellant argues that the appeal was timely because the appeal period had been tolled by a stay of proceedings granted incident to a rule to show cause

why the case should not be remanded to the arbitrators. The lower court found, however, that while a stay had initially been granted by one judge, another judge had crossed it out and that therefore the appeal period had not been tolled. The record is insufficient for us to determine the correctness of the lower court's order. We therefore remand for an evidentiary hearing, findings of fact, and a new order.[1]

On November 30, 1976, appellant brought an action in trespass in Montgomery County against Mr. and Mrs. Dean Chagan and Franklin A. Chagan. The complaint alleged that Franklin Chagan owned a certain property in Bala Cynwyd; that Mr. and Mrs. Dean Chagan were in possession of the property; and that on July 24, 1975, while at or near the property, appellant was bitten by the Chagans' dog. This action was docketed under number 76–19319.

On January 17, 1977, Mr. and Mrs. Dean Chagan filed an answer to the complaint alleging, among other things, that Franklin A. Chagan had died. Appellant then filed an action in Philadelphia against the Chagans and Joyce Chagan, executrix of the estate of Franklin Chagan, alleging the same injury as alleged in the Montgomery County action. On preliminary objections to venue, the action was transferred from Philadelphia to Montgomery County, where it was docketed under number 77–13517.

Appellant petitioned to have both actions consolidated under the earlier docket number, 76–19319. This petition was granted, and was properly docketed at 76–19319, but was never docketed at 77–13517. Despite the consolidation, everything appellant filed in the next fourteen months, with just one exception, was filed only at 77–13517.

Among the papers thus filed only at the "wrong" docket number was appellant's praecipe for arbitration. On November 10, 1978, an arbitration hearing was held, and the

1. The lower court's order was entered under two docket numbers, 76–19319 and 77–13517, and two appeals were taken, one under each docket number. However, as we shall see, there was really only one case in the lower court, and the two appeals have been consolidated.

arbitrators filed an award of $250 for appellant against Dean Chagan only. Apparently, when appellant went to appeal this award, she found that only the file in 77–13517 had gone to the arbitrators. She therefore filed a petition with a rule to show cause why the case should not be remanded to the arbitrators so that they could consider both actions, that docketed at 76–19319 and that at 77–13517. A rule issued, and it is the circumstances surrounding this rule that give rise to the appeals now before us.

We have found it impossible to reconstruct from the record what were the circumstances surrounding the issuance of the rule. In the narrative that follows we shall therefore refer to affidavits that have been presented to us but are not properly of record, and to the lower court's opinion, which also appears to go beyond the record. We have done this because otherwise we could not state the case and define the issues. As will appear, we have not accepted as fact anything not supported of record.

It is convenient to begin with appellant's version of the circumstances surrounding the issuance of the rule, as recited in an affidavit sworn to on January 22, 1980, by Louis E. Slawe, one of appellant's attorneys below. The affidavit is Exhibit A of appellant's brief to us; it was not presented to the lower court and is not properly of record. Its substance, however, was alleged in appellant's petition for reconsideration which was filed with the lower court. The court was thus made aware of appellant's version of the facts, and in its opinion, the court discusses and rejects appellant's version. According to the Slawe affidavit: On November 24, 1978, Mr. Slawe went to the Montgomery County Courthouse with the original and a photostatic copy of the petition and rule to show cause why the case should not be remanded to the arbitrators. The rule included the line, "ALL PROCEEDINGS TO STAY MEANWHILE." Judge AVRIGIAN signed both the original and the copy of the rule, and filled in the date of issuance (November 24) and the return date (January 5). Mr. Slawe left the original with the judge and returned to his office with the copy, from which other copies were made and sent to opposing counsel.

Appellees filed answers to appellant's petition for remand, and on February 20, 1979, Judge DAVENPORT denied the petition. On February 22, appellant filed an appeal from the arbitration award of November 10, 1978. Appellees filed a motion to quash the appeal as untimely. Appellant's answer to the motion to quash alleged that the appeal was timely because of the stay of all proceedings granted by Judge AVRIGIAN in issuing the rule to show cause why the case should not be remanded to the arbitrators. It was appellant's position that the stay of proceedings had tolled the period for appealing from the arbitration award, and that when the period started to run again—in her view, when the stay was dissolved by the order denying the petition for remand—she had within two days appealed from the arbitration award.

The motion to quash came before Judge DAVENPORT. He entered the following order, which was docketed on July 6, 1979:

AND NOW, this 28 day of June, 1979, after a review of defendant's [now appellee's] brief and Argument before the Court on June 20, 1979, it appearing to the court that the phrase "all proceedings to stay meanwhile", having been strickened and initialed by Robert W. Honeyman, Judge, the proceedings were not stayed, and the appeal was not timely filed. The court therefore Orders the appeals be quashed.

In his opinion in support of this order Judge DAVENPORT states that he compared the original rule to show cause, on which the stay of proceedings is crossed out and initialed by Judge HONEYMAN, with the copy of the rule on which appellant claimed she relied, on which the stay of proceedings is not crossed out. On the basis of this comparison, Judge DAVENPORT found that the copy of the rule to show cause with the stay of proceedings not crossed out had been prepared as "a deliberate attempt at deception," and that Judge AVRIGIAN's signature on it was "forged." Slip op at 5, 6. Judge DAVENPORT concluded that while he could not "address an unraised issue as to the person or

persons perpetrating this offense," he could "refuse to grant relief to plaintiff [appellant] whose 'proof' rests upon an obvious forgery of court documents." *Id.* at 6.

Appellant has in a "Supplemental Record" presented us with a copy of an affidavit sworn to by Judge AVRIGIAN and a copy of a letter from the Disciplinary Board of the Supreme Court of Pennsylvania. Judge AVRIGIAN's affidavit is dated December 1, 1980, and states:

4. Several weeks ago, Mr. Feingold [appellant's chief counsel], his counsel and a representative of the Disciplinary Board of the Supreme Court of Pennsylvania appeared in my chanbers *[sic]* and at that time, I unequivocally identified the signature on the copy of the Rule retained by Mr. Feingold as my own and I additionally noted that the Rule was also dated by myself.

The letter from the Disciplinary Board is dated November 24, 1980, and is addressed to Mr. Feingold. It states that "[a] final recommendation has been made to dismiss the complaint as lacking substance . . . ."

■ Appellee Joyce Chagan's response to these items is to argue that they are not properly part of the record before us; that in any event, it is not clear from Judge AVRIGIAN's affidavit which version of the rule he was referring to; and that Judge DAVENPORT's description of the copy of the rule on which the stay of proceedings is not crossed out as a forgery is correct. It is true that the items in appellant's "Supplemental Record" are not properly before us. Pa.R.A.P. 1921. It is, however, within our power to remand a case with instructions for further proceedings in which affidavits and other documents not properly before us can be considered by the lower court. 42 Pa.C.S.A. § 706. Here, we believe, such a remand is appropriate, for even without reference to Judge AVRIGIAN's affidavit and the letter from the Disciplinary Board, it is not obvious to us that the copy of the rule with the stay of proceedings not crossed out, on which appellant claimed she relied, is a forgery.

In his opinion, Judge DAVENPORT emphasizes that certain typed portions of the original of the rule are identical with the corresponding typed portions of the copy. This identity, however, does not demonstrate a forgery and is consistent with Mr. Slawe's affidavit that he took the original and a photostatic copy to Judge AVRIGIAN. Judge DAVENPORT also emphasizes that on the original of the rule the letter D (the designation of the courtroom to which the rule was made returnable) is set off in quotation marks, whereas on the copy it is not. Again, however, this variation does not demonstrate forgery and is consistent with Mr. Slawe's affidavit that Judge AVRIGIAN filled in and signed the original of the rule and the copy separately.

We do not mean to imply that we accept appellant's version of the circumstances surrounding the issuance of the rule. While we are unable to say on the basis of the record that Judge DAVENPORT's finding of forgery is correct, we are equally unable to say that appellant relied on a copy of the rule signed by Judge AVRIGIAN and with the stay of proceedings not crossed out.

The original rule is of record in the papers transmitted to us under Docket No. 76–19319. It appears to be signed by Judge AVRIGIAN, and the line reading "ALL PROCEEDINGS TO STAY MEANWHILE" is crossed out and initialed, with initials that we cannot read but that Judge DAVENPORT's order and opinion say are Judge HONEYMAN's. Exhibit C of appellant's brief to us appears to be a copy of the original rule; the typewritten portions are identical, and the handwritten portions, including the initialed crossing out of the stay of proceedings, appear identical. There is, however, one difference between the original rule and appellant's Exhibit C that puzzles us and may be significant. The original rule has on it a Prothonotary's time stamp ("Nov. 29 9:19 AM '78") and an initialed stamp indicating that the rule was docketed by "J.M.S." Neither of these stamps appears on appellant's Exhibit C. The question therefore arises: How did appellant get a copy of the original rule, *with the stay of proceedings crossed out,* apparently *before* the origi-

nal rule itself was docketed? Mr. Slawe says in his affidavit that he never received or saw a copy of the rule with the stay of proceedings crossed out; and Mr. Feingold in appellant's "additional reply" to appellees' answer to her petition for reconsideration says that appellant was never notified that Judge HONEYMAN had modified Judge AVRIGIAN's order. These statements may well be true, but we nevertheless believe that there should be an explanation of how counsel got a copy of Exhibit C of appellant's brief.

On remand the lower court should hold an evidentiary hearing and determine what did happen. We expect that this determination will require the court to inquire into the following:

First, whether the copy of the rule with the stay of proceedings not crossed out was signed by Judge AVRIGIAN and immediately returned to appellant's counsel;

Second, under what circumstances and by whom the stay of proceedings was crossed out (although Judge DAVENPORT's order dated June 29, 1979, finds that the stay was crossed out by Judge HONEYMAN, there is no explanation, of record or otherwise, of when, or why, or by what authority Judge HONEYMAN altered the provisions of a rule issued by another judge of the same court); and

Third, when appellant first had notice that the stay of proceedings had been crossed out.

If the lower court finds that the copy of the rule with the stay of proceedings not crossed out was signed by Judge AVRIGIAN and was returned to appellant, and that appellant had no notice that the stay of proceedings had been crossed out in the original rule, it should reinstate appellant's appeal from the arbitration award.[2]

2. Appellees have also argued that the lower court had no power to grant a stay, and that therefore even if a stay issued, the appeal was properly quashed. However, this argument has been waived. Appellees' answers to appellant's petition for remand, filed on December 11 and December 14, 1978, argued only that a stay would be unwarranted, not that it was not within the court's power to grant. Also, the lower court's order and opinion are based on the finding

If the lower court finds either that Judge AVRIGIAN did not sign the copy of the rule with the stay of proceedings not crossed out, or that he did sign it but appellant had notice that the stay of proceedings had been crossed out on the original rule and did not delay filing an appeal from the arbitration award in reliance on a stay of proceedings having been granted by Judge AVRIGIAN, the court should re-enter its order quashing appellant's appeal from the arbitration award.

The order of the lower court is reversed and the case is remanded for further proceedings consistent with this opinion.

that the stay had been crossed out, not that the court lacked the power to grant it.