482 A.2d 1092

### CITY OF PHILADELPHIA

v.

### HOUSING IMPROVEMENT CORPORATION, Appellant.

Superior Court of Pennsylvania.

Submitted June 8, 1984.

Filed Oct. 5, 1984.

84

Austin J. McGreal, Philadelphia, for appellant.

Andrew P. Bralow, Philadelphia, for appellee.

Before TAMILIA, JOHNSON and HESTER, JJ.

HESTER, Judge:

Appellant, Housing Improvement Corporation, had been the legal owner of property situate at 2026 Wallace Street, Philadelphia, Pennsylvania. A residential dwelling was erected thereon.

Appellee, City of Philadelphia, filed a municipal lien against the property for delinquent real estate taxes, and on February 1, 1982, the property was levied for sale by the Sheriff of Philadelphia County. Additional appellees, Albert Wachlin and Robert Laughlin, purchased the property at the Sheriff's sale. Settlement was made with the Sheriff and the Sheriff's deed bears an acknowledgement dated March 1, 1982.

On March 10, 1983, appellant filed a petition to redeem the property in accordance with the redemption requirements. 53 P.S. § 7293. On March 16, 1983, the City of Philadelphia filed its answer. On March 28, 1983, Wachlin and Laughlin filed their answer stating new matter.

On April 5, 1983, the lower court dismissed the petition before appellant filed an answer to appellees' New Matter. On June 18, 1983 appellant filed a motion to vacate the Order of Dismissal. The motion was denied on July 11, 1983. Hence, this appeal followed. We reverse and remand.

The sole issue raised is whether the court's dismissal of the Petition for Redemption was prematurely entered and as such invalid.

Under Pennsylvania Rule of Civil Procedure 1026, "[every] pleading subsequent to the complaint shall be filed within twenty (20) days after service of the preceding pleading, but no pleading need be filed unless the preceding pleading contains a notice to defend or is endorsed with a notice to plead."

In the present case, appellees' new matter was filed on March 28, 1983, containing no notice to plead. The court, only eight days later, filed its order dismissing appellant's petition, and effectively precluding appellant from replying to appellee's new matter. If appellees' new matter did contain a notice to plead, no Order could issue until the twenty-day period had run, or appellant had filed a reply, whichever occurred earlier. *Vance v. Ferrara,* 71 D & C 571 (1950). However, no notice to plead was attached to the new matter and consequently, no responsive pleading was required. *Phillips v. Evans,* 164 Pa.Super. 410, 65 A.2d 423 (1949); *Ackerman v. Huntington Twp.,* 35 D & C 2d 172 (C.D. Westmoreland County, 1964).

In *Slaughter v. Gruntz,* 227 Pa.Super. 164, 166, 323 A.2d 152, 153 (1974), the court stated: "Under Pennsylvania Rule of Civil Procedure 1029(d) averments in a pleading to which no responsive pleading is required are deemed to be denied. Because averments in such a pleading are deemed to be denied, they are therefore at issue ...," and should be decided at trial.

We hold that because there was an issue in controversy, the lower court order was prematurely entered and is now vacated.

Appellees' contend that since appellant filed its Petition for Redemption after the one-year statutory limit, appellant should be precluded from redemption. The relevant language of the redemption statute, Section 7293(a) and (b), is as follows:

(a) The owner of any property sold under a tax or municipal claim, or his assignees, or any party whose lien or estate has been discharged thereby, may, except as pro-

vided in subsection (c) of this section, redeem the same at any time within one year from the date of the acknowledgement of the sheriff's deed therefor, upon payment of the amount bid at such sale; the cost of drawing, acknowledging, and recording the sheriff's deed; the amount of all taxes and municipal claims, whether not entered as liens, if actually paid; the principal and interest of estates and encumbrances, not discharged by the sale and actually paid; the insurance upon the property, and other charges and necessary expenses of the property, actually paid, less rents or other income therefrom, and a sum equal to interest at the rate of ten per centum per annum thereon, from the time of each of such payments.

. . . . .

(b) Any person entitled to redeem may present his petition to the proper court, setting forth the facts, and his readiness to pay the redemption money; whereupon the court shall grant a rule to show cause why the purchaser should not reconvey to him the premises sold; and if, upon hearing, the court shall be satisfied of the facts, it shall make the rule absolute, and upon payment being made or tendered, shall enforce it by attachment.

The one-year redemption period is not mandatory. If appellees prevented appellant from filing, the one-year limit will not be strictly followed. *City of Philadelphia v. Taylor*, 318 Pa.Super. 435, 465 A.2d 33 (1983).

Appellant alleges that there are certain "equities" that will justify its delay in filing. If this delay was caused by appellees, appellees cannot object to appellant's untimely petition. *Id.*, 318 Pa.Superior Ct. at 437, 465 A.2d at 35. However, nothing appears of record to explain what the alleged "equities" are.

■ Therefore, we must remand to the court below with instructions to conduct a hearing in order to ascertain

whether the alleged "equities", which caused the late filing, were brought about by appellees.

Reversed and remanded. Jurisdiction relinquished.

JOHNSON, J., filed a dissenting opinion.

JOHNSON, Judge, dissenting:

I dissent. My review of the record convinces me that appellant's appeal was not timely filed, and therefore, should be quashed.

When, on April 5, 1983, the trial court dismissed appellant's petition to redeem property, appellant was for all intents and purposes out of court. This order was therefore a final order. *Pugar v. Greco*, 483 Pa. 68, 394 A.2d 542 (1978). As such, an appeal was required to have been filed within 30 days of this order. Pa.R.A.P. 903(a). Appellant's appeal was not filed until August 12, 1983, more than four months after the final order. Clearly the appeal was not timely.

Appellant now attempts to circumvent the time constraints set forth in the rules by asserting that the Motion to Vacate filed by appellant on June 18, 1983, was in the nature of a motion to strike a judgment. A motion to strike a judgment is a challenge to those judgments that are voidable because of a defect apparent from the record. *Malakoff v. Zambar, Inc.*, 446 Pa. 503, 288 A.2d 819 (1972); *International Lands, Inc. v. Fineman*, 285 Pa.Super. 548, 428 A.2d 181 (1981); *Slaughter v. Gruntz*, 227 Pa.Super. 164, 323 A.2d 152 (1974). Such a motion is not required to be filed within a set time, but need only be filed within a reasonable time. *Osttowski v. Smith*, 315 Pa.Super. 321, 461 A.2d 1301 (1983).

Appellant contends that the order of the trial court granting appellee's motion to dismiss appellant's petition to redeem property was the "equivalent" of a facially defective judgment because the court's order was entered before appellant filed a reply to appellee's answer and new matter. I do not find this argument to be persuasive. The answer

and new matter filed by appellee was not endorsed with a notice to plead. Accordingly, the assertions contained therein were deemed to be denied by appellant and no responsive pleadings were required. Pa.R.C.P. 1026, 1029(a). *See also Slaughter v. Gruntz, supra.* Therefore, the trial court's order is not facially defective on the record and should not be stricken.

I am in agreement with the trial court's conclusion that appellant's Motion to Vacate was, in reality, a motion to reconsider. It is well settled that the filing of a petition for reconsideration from an order of the court of common pleas does not operate to toll the appeal period. *Boden v. Tompkins,* 306 Pa.Super. 494, 452 A.2d 833 (1982).

Therefore, I would quash appellant's appeal as being untimely.