216

485 A.2d 769

**Leslie ANMUTH, Appellant,**

**v.**

**Mr. & Mrs. Dean CHAGAN and Franklin A. Chagan.**

**Leslie ANMUTH, Appellant,**

**v.**

**Mr. & Mrs. Dean CHAGAN and Joyce Chagan, Executrix of the Estate of Franklin Chagan, Deceased.**

Superior Court of Pennsylvania.

Argued Aug. 22, 1984.

Filed Nov. 9, 1984.

Reargument Denied Jan. 18, 1985.

Petition for Allowance of Appeal Denied Aug. 7, 1985.

Allen L. Feingold, Philadelphia, for appellant.

William F. Sutton, Philadelphia, for appellees.

Before McEWEN, OLSZEWSKI and HOFFMAN, JJ.

OLSZEWSKI, Judge:

This case has bounced from court to court, landed one lawyer before the Disciplinary Board and consumed nearly ten years of the parties' lives. At issue is a dog bite. Two suits followed that bite, Leslie Anmuth v. Mr. and Mrs. Dean Chagan and Franklin A. Chagan at No. 76–19319 and Leslie Anmuth v. Mr. and Mrs. Dean Chagan and Joyce Chagan, Executrix of the Estate of Franklin Chagan at No. 77–13517. The cases, identical in substance,[1] were consolidated at plaintiff-appellant's request under No. 76–19319.

Appellant filed a praecipe for arbitration under No. 77–13517. The arbitrators found for appellant and against Dean Chagan in the amount of $250.00. They exculpated Mrs. Dean Chagan and Joyce Chagan, Executrix. Judgment was entered on November 13, 1978 at No. 77–13517.

[1]. Plaintiff-appellant was bitten by the Chagan family dog on July 24, 1975. The incident occurred on property owned by Franklin Chagan. Chagan died on October 24, 1975 and Joyce Chagan received letters as executrix of his estate on November 21, 1975. The second action at No. 77–13517 reflected this change with the substitution of Joyce Chagan for Franklin Chagan and insertion of a sentence which alleged that Franklin Chagan had died and Joyce Chagan was executrix of his estate. As Judge Spaeth noted, "there was really only one case in the lower court...." *Anmuth v. Chagan,* 295 Pa.Super. 32, 34 n. 1, 440 A.2d 1208 n. 1 (1982).

On November 24, 1978, Louis Slawe, Esquire, for the appellant, hand-carried a petition to remand and set aside Report and Award of Arbitrators on the ground that only file No. 77–13517 had been before the arbitrators.[2] That same day, appellant filed a Rule to Show Cause. No appeal was filed at that time. On December 13, 1978, the thirtieth day passed, ending the statutory period for an appeal from the arbitrator's award.[3]

Appellees filed Answers. The Honorable Horace A. Davenport denied appellant's Petition to Remand. Two days later, on February 22, 1979, plaintiff-appellant filed an Appeal from the Report and Award of Arbitrators. Appellees moved to quash the appeal. Appellants answered the Motion to Quash and attached as exhibit 'a document purported to be a copy of the "Rule to Show Cause" dated November 24, 1978. That copy of the Rule bears intact the phrase "All Proceedings to Stay Meanwhile." Supp. Reproduced Record at 101b (appended hereto at 1a).

On June 28, 1979, the lower court quashed the appeal as untimely. Judge Davenport wrote that the proceedings had not been stayed by the November Rule, that the phrase "All Proceedings to Stay Meanwhile" had been stricken from the original Rule, and that the attempted appeal was thus untimely filed. R. 59.

Appellant petitioned for reconsideration of the June 28, 1979 Order. On July 25, 1979, she filed notice of appeal to the Superior Court. By Order of November 27, 1979, the petition was denied.[4]

2. Appellant explains that she sought a decision on the basis of both files. She wished either to have the award set aside, thus allowing a new arbitration on both files, or to appeal the award and proceed to trial on both cases.

3. The thirty day period for appeal follows the directive of Rule 247.1 (rescinded) and §§ 7361(d) and 5571 of the Judicial Code.

4. During these proceedings, Judge Davenport's law clerk filed a complaint with the Disciplinary Board. The clerk alleged that Allen L. Feingold, counsel for the plaintiff-appellant had forged the signature of the Honorable Mason Avrigian on a copy of the Rule. The Disciplinary Board, by letter dated November 24, 1980, concluded "a final

The Superior Court reversed the June 28, 1979 Order. On remand, this Court directed the lower court to hold an evidentiary hearing to determine what did happen:

First, whether the copy of the rule with the stay of proceedings not crossed out was signed by Judge Avrigian and immediately returned to appellant's counsel;

Second, under what circumstances and by whom the stay of proceedings was crossed out ...

Third, when appellant first had notice that the stay of proceedings has been crossed out.

R. 83a; *Anmuth v. Chagan,* 295 Pa.Super. 32, 39, 440 A.2d 1208, 1211 (1982).

The evidentiary hearing was held March 11, 1982. By opinion and order dated March 10, 1983, Judge Davenport reinstated the Order of June 28, 1979 quashing Anmuth's appeal. In response to this Court's inquiry, Judge Davenport found:

(1) Judge Avrigian may have signed the rule without crossing out the stay but did so with the understanding that counsel conform his copy to the original; (2) Judge Avrigian crossed out the Stay consistent with his normal procedure and (3) appellant had notice that the rule had been issued without a stay.... 

R. 96a. This appeal follows.

Appellant argues that absent notice of any change in the stay, she had a right to rely on the stay of proceedings. Appellant's Brief at 4. Assuming the proceedings were stayed by the November Rule, February 22, 1979 appeal was timely filed. The appeal timely, the order quashing that appeal must fall.

The argument above turns on notice. Appellant claims that she relied to her detriment on lack of notice of change in the stay. Judge Davenport, finding that appellant had notice that the Rule had been issued without a stay, rejected her claim. On appeal, we will not disturb that

recommendation has been made to dismiss the complaint as lacking substance."

finding unless our review of the record reveals a clear abuse of discretion or error of law below. *Minteer v. Wolfe,* 300 Pa.Super. 234, 446 A.2d 316 (1982).

Judge Spaeth, for the Superior Court, pointed out the apparent inconsistency in appellant's argument. Appellant, maintaining all the while that she had lacked notice of any change in the stay, had attached to her first appellate brief a copy of the Rule with the stay crossed out. As Judge Spaeth explained:

> Exhibit "C" of appellant's Brief to us appears to be a copy of the original rule.... There is, however, one difference between the original Rule [attached hereto as 1b] and appellant's Exhibit "C" [attached hereto as 1c] that puzzles us and may be significant. The original rule has on it a Prothonotary's time stamp ("Nov. 29 9:19 AM '78") and an initialed stamp indicating that the rule was docketed by "J.M.S." Neither of these stamps appears on appellant's Exhibit "C". The question therefore arises: How did appellant get a copy of the original rule, *with the stay of proceedings crossed out,* apparently *before* the original rule itself was docketed?

*Anmuth v. Chagan,* 295 Pa.Super. at 38, 39, 440 A.2d at 1211 (1982) (emphasis in original).

Judge Davenport addressed this issue in his opinion on remand.

> This colloquy between counsel highlights a major difficulty with this case. Appellant maintains that she had no notice that the Rule had been issued without the stay because her copy of the Rule left the stay intact. Yet on appeal to the Superior Court a copy of the Rule with the stay crossed out appears in Appellant's brief. The question is how did appellant receive such a copy of the Rule. Appellant was directed to answer this question specifically by the Superior Court in its remand, but she only interjected a "third alternative" that perhaps Judge Avrigian signed the rule and two copies.
> 
> This Court is unable to comprehend the significance of the "third alternative" because Mr. Slawe's affidavit only

refers to the Rule and *one* copy. Other than accounting for a second copy of the Rule, Appellant fails to specifically address the question of how she obtained another, different copy from the one she supposedly possessed. *Anmuth v. Chagan*, Nos. 76–19319 and 77–13517, Court of Common Pleas of Montgomery County, slip op. at 10 (March 10, 1983) (citation omitted). The lower court found that appellant failed to advance a credible explanation for her possession of the Rule with stay crossed out. We see no reason to disturb that finding.

█ It is uncontested that the appeal period ran without the filing of an appeal from the arbitrator's award. Appellant, to excuse her failure to file a timely appeal, had to establish that she had relied on stay of proceedings granted by Judge Avrigian. *See Anmuth v. Chagan*, 295 Pa.Super. at 39, 440 A.2d at 1211. We have before us a copy of the Rule with stay excised. It would seem appellant possessed that copy before the original Rule was docketed. We must conclude therefore that appellant either knew or had reason to know that the stay had, in fact, been crossed out. Common sense dictates no less.

The lower court, reinstating the order quashing the appeal from the judgment order, followed Judge Spaeth's directive.

Order affirmed.

McEWEN, J., concurs in the result.