## Stahl Plumbing & Heating, Inc. v. Nelson

*Mark R. Alberts,* for plaintiff.
*A. Kenneth Mann,* for defendant.

WETTICK, *A.J.*, May 14, 1985—Defendant has filed a petition to strike a judgment entered by a district justice on the ground that the justice lacked jurisdiction to enter this judgment.[*]

Defendant was served on January 30, 1985, and the hearing before the district justice occurred on February 8, 1985. Defendant did not appear at the hearing, so he did not waive any defect in service. Pa.R.C.P.D.J. 314(C).

Rule Pa.R.C.P.D.J. 307 governs service of the complaint. This rule requires service to be made "at least 10 days before the hearing." In the present case, service was made only eight days before the hearing. Defendant contends that the proceeding is void because the court lacked jurisdiction to hear the claim until 10 days after defendant was served. The case law supports defendant's position. See

---

[*]The appropriate procedure for challenging a judgment entered by a district justice for lack of jurisdiction is the filing of a praecipe for a writ of certiorari claiming that the judgment should be set aside because of lack of jurisdiction. Pa.R.C.P.D.J. 1009(A). Because of praecipe for a writ of certiorari may be filed at any time after a judgment is entered if lack of jurisdiction is claimed (Pa.R.C.P.D.J. 1009(B)), and because plaintiff has not objected to defendant's use of a petition to strike judgment to raise lack of jurisdiction, we will consider the merits of defendant's petition.

Ghezzi v. Price, 26 D.&C. 2d 321 (1961), and cases cited therein; Rauenzahn v. Nadeau, 29 D.&C. 2d 641 (1962). Also see Patrycia Brothers, Inc. v. McKeefrey. 28 D.&C. 2d 149 (1965).

This case law is also consistent with the settled law of Pennsylvania that jurisdiction over the person of defendant depends upon proper service having been made and that the record must disclose service in conformity with existing rules of procedure governing service. Sharp v. Valley Forge Medical Center and Heart Hospital, 422 Pa. 124, 221 A.2d 185 (1966); Goodrich-Amram 2d §2077(a):1.1.

The purpose of the 10-day service requirement is to give a defendant sufficient time to consult counsel and to prepare a defense. A valid judgment may not be entered unless the record establishes that defendant had the full opportunity to prepare a defense as provided for by the Rules of Civil Procedure. In Vance v. Ferrara, 71 D.&C. 571 (1950), cited with approval in City of Philadelphia v. Housing Improvement Corp., 334 Pa. Super. 83, 482 A.2d 1092, 1093 (1984), plaintiff prematurely entered a default judgment on the 20th day. The court struck the judgment as prematurely entered even though defendant failed to file a timely answer to plaintiff's complaint on this day. In Storm v. Golden, 338 Pa. Super., 510, 488 A.2d 39 (1985), plaintiff sought to set aside a judgment of non pros entered aginst plaintiff pursuant to Pa.R.C.P. 1037(a) for failure to file a complaint, because defendant failed to file an affidavit of service showing that plaintiff was served with a rule to file a complaint. Defendant contended that the judgment was valid because plaintiff had actual notice that the rule had been issued more than 20 days before the judgment of non pros was entered. The court gave no consideration to this contention. The court held that the

judgment of non pros was invalid ab initio because the prothonotary lacked authority to enter the judgment until the record established that the rule had been served at least 20 days prior to the entry of the judgment as required by Rule 1037(a).

For these reasons, we enter the following

## ORDER OF COURT

On May 14, 1985, it is hereby ordered that defendant Daryl Nelson's petition to strike off or open judgment is granted and that the February 19, 1985 judgment of District Justice Nicholas A. Diulus is hereby stricken.