527 A.2d 1028

**Timothy P. McCORMICK, M.D., Appellant,**

v.

**ALLEGHENY GENERAL HOSPITAL.**

Superior Court of Pennsylvania.

Argued March 5, 1987.

Filed June 11, 1987.

Lisle A. Zehner, III, Pittsburgh, for appellant.

David L. McClenahan, Pittsburgh, for appellee.

Before CAVANAUGH, POPOVICH and MONTGOMERY, JJ.

POPOVICH, Judge:

This is an appeal from a judgment on the pleadings entered against Timothy P. McCormick, M.D., appellant. We vacate.

The record (examined under the standard for reviewing a trial court's award of a judgment on the pleadings [1]) discloses that a complaint in equity was filed by the appellant alleging that, as a result of a nationwide program involving medical colleges and hospitals, he was "matched" with Allegheny General Hospital in March of 1985 to commence a two-year Surgical Intern and Residency Program.

In anticipation of a June, 1985, commencement date, the appellant moved to Pittsburgh from Philadelphia. However, upon his arrival for orientation, "he was advised by representatives of Allegheny General Hospital ... that he would not be permitted to enter [the] Residency Program", and his $22,800.00 per year salary would also not be paid. Further, the appellant asserted in his complaint that the hospital had offered its failure to send timely his application for a temporary medical license to the State Board of

1. See, e.g., *Jones v. Travelers Insurance Co.*, 356 Pa.Super. 213, 514 A.2d 576 (1986).

Medicine and Licensure as a reason for his exclusion from the program.

The relief the appellant sought was compensation for costs incurred from moving and his living expenses, as well as immediate admission into the Residency Program with retroactive salary.

On August 7, 1985, upon motion of counsel for the appellant, a Rule was issued directing Allegheny General to show cause why the relief requested should not be granted. It was made returnable August 30.

In response, Allegheny General filed preliminary objections and a brief in support thereof on August 26 claiming that it was precluded by law (63 P.S. §§ 421.1–.18 [2]) from allowing the appellant to practice medicine in the context of its Residency Program prior to his application for a license being approved by the State Board—a matter which was exclusively within the Board's control. Also, Allegheny General did offer that with the approval of his license the appellant would be accepted into its program.

Therefore, because the only equitable relief asked for was the appellant's admission into a program that was outside of the hospital's control without licensure approval and because the remaining claims were for monetary damages, the court was requested to certify the action to the law side. This occurred and Allegheny General was ordered to file an Answer to the Complaint or otherwise plead.

On September 19, 1985, Allegheny General filed an Answer denying, inter alia, that:

1) the Residency Program was for two years—it was to have been for one year;

2) the non-payment of the appellant's moving expenses— they were paid ($531.87) after their submission on August 7, 1985; and

2. Repealed by the Act of December 20, 1985, P.L. 457, No. 112, § 48, effective January 1, 1986. See, now, 63 P.S. § 422.1 et seq. (Supp. 1986).

3) the appellant would not be admitted to the Residency Program—the State Board's inaction on the appellant's temporary medical license and the hospital's failure to make a final determination on the appellant's qualifications were the real reasons for nonadmission.

In the New Matter portion of the pleading, it was averred that Allegheny General first learned of the appellant's three convictions for violations of The Controlled Substance, Drug, Device and Cosmetic Act (63 P.S. § 421.1 et seq.[3]) with his application to the State Board for a temporary medical license.

This revelation prompted Allegheny General to investigate the appellant's background and qualifications more closely before forwarding his application for a license to the State Board. Thereafter, with the license still pending, the hospital concluded that the appellant would be accepted into its program if a license were secured and the associate dean of his medical college "reiterated" a favorable recommendation. The latter was secured but not the former. Thus, the hospital asserted that it was "prohibited by law from allowing Dr. McCormick to enter the Residency Program."

Additionally, Allegheny General contended that without a license a condition precedent to the contract of acceptance into the program and payment of salary had not been satisfied. Accordingly, it was justified in its actions since no claim upon which relief could be granted was stated. Further, its payment of the appellant's moving expenses discounted the requested remedy of their payment.

No responsive pleading having been filed by the appellant, on April 3, 1986, Allegheny General filed a Motion for Judgment on the Pleadings (accompanied by a brief) pursuant to Pennsylvania Rules of Civil Procedure 1029(b), 1034(b) and 1037(c). The Motion recounted that, e.g.,

5. Dr. McCormick's response to new matter was required to be filed on or before October 9, 1985. At no

3. Ibid.

time did counsel for Dr. McCormick request an extension of time in which to prepare and file a response.

6. Dr. McCormick did not file the required response to new matter on October 9, 1985, and at no time during the approximately six months since October 9, 1985 ha[d] Dr. McCormick filed the required response or indicated that a response would be forthcoming.

7. By letter dated December 23, 1985, counsel for the Hospital notified Dr. McCormick's counsel that if Dr. McCormick persisted in his failure to file a response to new matter, the Hospital would take the appropriate steps to see that the action [was] dismissed. A redacted copy of th[e] letter [was] attached ... as "Exhibit B".

8. Dr. McCormick ha[d] failed to respond to the letter dated December 23, 1985 by filing the required response to new matter.

The remaining portion of the Motion recited that the appellant's failure to respond to the Answer and New Matter, in accordance with Rule 1029(b), resulted in his admission to all averments of fact contained therein, i.e.,

1) Residency Program was for one year;

2) The appellant was advised during orientation week that he would not be permitted to enter the Residency Program because the State Board had not yet approved his license application and the hospital had not yet made a final determination as to his qualifications;

3) Allegheny General first learned of the appellant's drug conviction with receipt of his application for license;

4) Allegheny General acted properly in conducting a more thorough investigation of the appellant's qualifications upon learning of the drug convictions;

5) The appellant was advised on or about July 8, 1985 that he would be accepted into the hospital's program provided (i) a license was granted by the State Board and (ii) the associate dean of the appellant's medical school repeated his recommendation of the appellant;

6) Licensure approval from the State Board had not yet been received when suit was instituted;

7) The appellant's moving expenses had been paid by the hospital; and

8) The appellant had yet to receive a medical license enabling him to practice in the hospital's Residency Program.

On June 10, 1986, after hearing oral argument on the Motion of Allegheny General, a judgment on the pleadings was entered against the appellant. An opinion followed and reconstructed the uncontroverted factual assertions, as is permitted by Rule 1029(b) when no responsive pleading is submitted in the face of averments in a pleading to which a responsive pleading is required.

The court below concluded that the absence of any allegations of a contract between the parties or the non-payment of moving expenses by the hospital, when coupled with the appellant's failure to obtain approval of his application for a license to practice (and, thus, participate in the Residency Program), rendered the entry of judgment on the pleadings proper.

"By failing to file a reply to new matter, plaintiff was deemed to have admitted each of these defenses. Thus, a trial would have clearly been a fruitless exercise." (Lower Court Opinion at 3)

This timely appeal followed and raises the sole contention of whether the lower court erred in granting the hospital's Motion and deeming the averments in its New Matter admitted by the appellant/plaintiff, when the New Matter "failed to contain the required notice to plead".

█ In light of the applicable law, we are to confine our consideration to the pleadings and documents properly attached thereto in resolving this case. *SN, Inc. v. Long,* 208 Pa.Super. 38, 220 A.2d 357 (1966).

To start with, under our Rules of Civil Procedure, a pleading is to be filed within twenty days after service of a preceding pleading, provided, of course, the preceding pleading contains a notice to plead. See Pa.R.Civ.P. 1026(a). Where such a notice to plead is present, one's

failure to respond is treated as an admission of the allegations made in the pleading. See Pa.R.Civ.P. 1029(b). The converse is also true, i.e., where a pleading fails to contain a notice to plead, the averments contained therein are deemed denied. Id. at (d).

We make these observations given the fact that, "[b]y failing to file a reply to new matter, plaintiff was deemed to have admitted each of the[ ] defenses" proffered in that pleading. (See Lower Court Opinion at 3) Since this was the predicate for the ruling, it is our function as an appellate court to determine whether the judgment entered in favor of the appellee is supported by the record. *Greene v. Liebergott*, 235 Pa.Super. 475, 344 A.2d 501 (1975).

Thus, absent the appellant's submission of a reply, if the appellee's Answer with New Matter contained a notice to plead, the court below would have been justified in reading the contentions made therein as being admitted by the appellant. See *Louis v. Clark*, 227 Pa.Super. 547, 323 A.2d 298 (1974).

■ The Answer and New Matter filed by the appellee contains no notice to plead, and as much is admitted by the appellee in footnote 2 of its brief to us. Further, we find that this defect was not remedied by the appellee's letter of December 23, 1985 to the appellant advising him that a response had not yet been received by the defense, and a failure to do so within two weeks would cause the appellee to take steps to have the lawsuit dismissed. The reasons for so holding are two.

First, Rule 1026's time allowance for responding to a notice to plead is twenty days. In contrast, even viewing the appellee's letter as a pleading-information instrument on the notice to plead aspect, the appellee only afforded the appellant fourteen days to act. Second, and most importantly, the notice element in Rule 1026 is reserved specifically to a "pleading", which, under Pa.R.Civ.P. 1017(a), does not encompass a "letter". Cf. *Jones v. Van Norman*, 513 Pa. 572, 522 A.2d 503 (1987) (Pretrial memorandum is not a permissible pleading); *Marzullo v. Stop–N–Go Food Stores*

*of Pittsburgh,* 364 Pa.Super. 106, 527 A.2d 550 (1987) (Motion for reconsideration is not a "pleading"). If the Rules of Civil Procedure had intended such a result, it could have been drafted into the Rules by those responsible for such an implementation. This has not occurred. Compare Pa.R. Civ.P. 237.1 and accompanying Note; *Bittenbender v. Southeastern Pennsylvania Transportation Authority,* 362 Pa.Super. 243, 523 A.2d 1173 (1987).

■ As previously stated, the Answer and New Matter filed by the appellee discloses no endorsement of a notice to plead. Accordingly, under our Rules of Civil Procedure, the matters averred in such a document cannot be held to have been admitted by the appellant. The court's conclusion to the contrary is at odds with the *record* evidence and case law on the subject. See *City of Philadelphia v. Housing Improvement Corp.,* 334 Pa.Super. 83, 482 A.2d 1092 (1984); *Greene,* supra. To the same effect see the appellee's Motion For Judgment on the Pleadings at Points 5 and 6, wherein it was averred that the appellant was "required" to respond to its New Matter. This is just not the case.

Because no notice to plead was endorsed on the appellee's Answer and New Matter, the appellant had no obligation to file a responsive pleading or suffer the contentions contained therein to be viewed as admitted by him.

It is beyond peradventure that the theory upon which the appellant bases his request to have the judgment reversed, albeit raised in his brief to us, is not readily discernible as an argument proffered to the court below at oral argument on the Motion For Judgment on the Pleadings. The reason we make mention of this relates to the question of waiver and issue preservation, a subject which our Supreme Court feels quite emphatic about; viz.:

> We have often stated that as appellate tribunals, we are bound to resolve only those issues properly preserved for our review.

*   *   *   *   *   *

Issues not preserved for appellate review cannot be considered by an appellate court even though the alleged error involves a basic or fundamental error. Additionally, in resolving those issues properly before us, we may only look to the record prepared in the trial court. Alleging facts in a brief which a trial court has not passed on has been specifically condemned * * * and we continue to view such practice as improper.

*Reilly by Reilly v. Southeastern Pennsylvania Transportation Authority*, 507 Pa. 204, 214–15, 489 A.2d 1291, 1296 (1985) (Citations omitted).

■ The only indication we have that the appellant raised his contention of not having to file a response to the appellee's Answer and New Matter appears in the appellee's brief to us at pages 6–7, wherein it is written:

After the Hospital's attorney presented its argument, the Court inquired of Dr. McCormick's attorney why he had not responded to the Motion or filed a brief. Counsel for Dr. McCormick then announced, for the first time, that he had no obligation to respond to the New Matter in the Answer because he had not been served with a notice to plead in accordance with Rule 1026 of the Pennsylvania Rules of Civil Procedure. He stated that he had no other defense to the Hospital's Motion and that he had no obligation to present any. The Hospital's counsel advised the Judge about the December 23, 1985 letter in which he had expressly notified Dr. McCormick's counsel that a response was overdue to the Answer and demanded that a response be filed. Dr. McCormick's counsel admitted receiving the letter, but argued that it did not count because the notice contained in the letter had not been endorsed on the pleading itself.

Unfortunately, we, the appellate court, do not have a transcript of the proceedings at the oral argument. Nor does the record disclose that any evidence was taken by the court below. As a result, we are foreclosed from considering any material (such as in a party's brief) which has not been duly certified in the record transmitted to us. See *Wolf v. Commonwealth*, 403 Pa. 499, 170 A.2d 557 (1961); *Society*

*Hill Towers Association v. Matthew*, 306 Pa.Super. 13, 451 A.2d 1366 (1982); *McAllonis v. Pryor*, 301 Pa.Super. 473, 448 A.2d 5 (1982); *General Accident Fire and Life Assurance Corp. v. Flamini*, 299 Pa.Super. 312, 445 A.2d 770 (1982); *Greene*, supra.

■ The record, viewed without the taint of attributing the appellant with admitting to the allegations in the appellee's Answer and New Matter, reveals a breach of contract claim premised upon the appellee's failure to honor the terms of its agreement which brought the appellant to Pittsburgh from Philadelphia, caused him to incur moving and living expenses which remain outstanding and are the obligation of the appellee to absorb.

The appellee, on the other hand, claims the contract with the appellant was conditional and executory at the time the appellant arrived to seek admittance into the Residency Program. The condition precedent to enforcement of the contract not having been satisfied (i.e., securement of a license to practice medicine from the State Board of Medical Examination and Licensure), it was not bound to any agreement of employment. And, as for moving expenses incurred by the appellant, the appellee averred that such were paid upon presentment and, thus, rendered the relief of reimbursement moot.

Given the contested issues of fact, when coupled with the fact that the appellant had no obligation to file a responsive pleading to the appellee's Answer and New Matter because of no endorsement to plead thereon, the remarks of the court below that the appellant's failure to file a reply to New Matter resulted in the allegations therein being admitted, and a resultant trial a fruitless exercise, is unsupported by any evidence of record.

■ Consequently, we believe it appropriate to remand[4] the case to the court below with directions that evidence be received to resolve the factual issues involved. See, e.g., *Ritter v. Ritter*, 359 Pa.Super. 12, 518 A.2d 319 (1986);

4. On remand, the court below can reconstruct in an opinion what transpired at oral argument. See *McCahill v. Roberts*, 421 Pa. 233, 219 A.2d 306 (1966). Reliance can be had by reference to bench notes, if

*Pittsburgh Airport Motel v. Airport Asphalt,* 322 Pa.Super. 149, 469 A.2d 226 (1983); *Hatalowich v. Bednarski,* 315 Pa.Super. 303, 461 A.2d 1292 (1983); *Anmuth v. Chagan,* 295 Pa.Super. 32, 440 A.2d 1208 (1982); *Greene,* supra.

Judgment vacated and case remanded for further proceedings in accordance with this opinion. Jurisdiction is not retained.

any, or to the court's own recollection of the events in question. If need be, a hearing can be conducted.

If the argument on the theory asserted to us by the appellant is determined to have not been made and no evidence to the contrary is presented (see *McCahill,* supra), the matter is waived. See Pa.R. App.P. 302(a). On the other hand, if the argument at issue were made, yet the court intends to reinstate its initial judgment in favor of the appellee anyway, we would ask that an opinion in support thereof be prepared if an appeal is filed.

Also, inasmuch as the appellee attributed the court below (at page 6 of its brief) with having queried the appellant's counsel on his failure to file a brief in response to the Motion, and, therefore, we cannot totally discount what affect this may have had on the court's decision, we would offer the following: Dismissal of a case on the basis of a local rule of court mandating such a result when no brief is submitted to the court has been condemned. See *Brogan v. Holmes Electric Protection Co.,* 501 Pa. 234, 460 A.2d 1093 (1983).

Although our review of the Local Rules of Court of Allegheny County fails to disclose any such harsh rule on briefing—in fact, one need be filed only "when required" (Rule 210), we make mention of this because of our uncertainty of what factors influenced the court's decision in favor of the appellee and, moreover, in an abundance of caution to avoid any further delay in the disposition of this case.