Louis, Appellant, *v.* Clark, et al.

548

Argued September 10, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*Stanton A. Berkowitz*, for appellant.

*Louis S. Croce*, for appellees.

OPINION BY SPAETH, J., April 3, 1974:

This is an appeal from an order dismissing a complaint in a trespass action arising from a motor vehicle accident that occurred on March 29, 1970. The complaint was filed by appellant on August 11, 1972, and was answered by appellees on August 25, 1972. By way of new matter the answer alleged that appellant's action was barred by the two year statute of limitations applicable to personal injury cases. Act of June 24, 1895, P. L. 236, §2, 12 P.S. §34. On the answer's backer was an endorsement reading "You are hereby notified to plead to the within Ans. and New Matter within twenty (20) days from service thereof."[1] Appellant,

---

[1] The prescribed endorsement is: "You are hereby notified to plead to the enclosed (name of pleading) within twenty (20) days from service hereof *or a default judgment may be entered against you.*" Pa. R. C. P. 1361. [Emphasis added.] In the absence of the

however, did not reply. On April 4, 1973, appellees filed a motion for judgment on the pleadings contending that inasmuch as appellant had not replied he was deemed to have admitted that his action was barred. Having been given advance notice that appellees' motion would be filed, appellant on March 30, 1973, filed an answer to the motion alleging that appellees were estopped from relying on the statute of limitations because of the improper conduct of their insurer's claims agent in the course of settlement negotiations with appellant's attorney. Appellant also alleged in his answer that "[t]here is no necessity of answering new matter in an action of trespass" and that "the affirmative defense of the Statute of Limitations . . . can be answered at the time of trial or at the time of the filing of a [motion for] Judgment on the Pleadings . . . ." On April 9, 1973, the motion judge without hearing argument entered judgment in favor of appellees. It is clear from the judge's opinion (filed August 24, 1973) that he did not have before him appellant's answer to appellees' motion.[2] Appellant contends that his answer was omitted from the record because of an ad-

---

last clause, a default judgment will be stricken. *Slaughter v. Gruntz,* 227 Pa. Superior Ct. 164, 323 A. 2d 152 (1974) ; *Brewer's Marine, Inc. v. Kings Mountain Corp.,* 227 Pa. Superior Ct. 167, 323 A. 2d 153 (1974). Here, however, the absence of the last clause is immaterial since no default judgment was entered.

[2] The judge's opinion reads in part as follows: "Clearly, the language of the statute *is* mandatory. In point of fact, Statutes of Limitations are strictly construed and defendant is estopped, in Pennsylvania, from invoking the bar of the Statute of Limitations *only* in clear cases of fraud and concealment. Bonfitto v. Bonfitto, 391 Pa. 187 (1958).

"As plaintiff has neither replied to the defendant's new matter nor contested this Motion for Judgment on the Pleadings, we can only conclude that there are no elements of fraud or concealment existing from which we may estop defendants from invoking this statute."

ministrative error, the source of which he does not specify.[3]

Under the Pennsylvania Rules of Civil Procedure, in a trespass action the defense of the statute of limitations is properly raised by a defendant in his answer under the heading "New Matter". Pa. R. C. P. 1045 (b).[4] "[The] rules provide for broad 'new matter' pleading in order to permit a defendant to compel a plaintiff to answer, during the pleading stage of the action, the defendant's assertions of affirmative defenses which might be conclusive of the action and avoid an unnecessary trial." *Ruhe v. Kroger Co.*, 425 Pa. 213, 216, 228 A. 2d 750, 751 (1967). *And see* Pa. R. C. P. 1017 (allowable pleadings include "a reply if the answer contains new matter"). If "[a] plaintiff . . . fails to file a reply to averments of the defendant's new matter [he] shall be deemed to admit all such averments . . . ." Pa. R. C. P. 1045 (b). Since the reply is a pleading, it should be filed (assuming there is an endorsement giving notice to plead) within twenty days after service of the answer raising the new matter. Pa. R. C. P. 1026, made applicable to trespass actions by Pa. R. C. P. 1041. However, compliance with this requirement is not mandatory. *Paulish v. Bakaitis*, 442 Pa. 434, 441, 275 A. 2d 318, 321 (1971). Rather, it is within the sound discretion of the court to permit a late pleading to be filed where the opposing party will not be prejudiced and justice so requires. *Fisher v. Hill*, 368 Pa. 53, 57, 81 A. 2d 860, 863 (1951); Pa. R. C. P. 126 ("[t]he court at every stage of any . . . action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties").

---

[3] It may be that the error occurred because appellant filed his answer before appellees had filed their motion.

[4] The same is so for an assumpsit action. Pa. R. C. P. 1030.

It is true that despite Rules 1026, 1041, and 1045 appellant did not file a timely reply to the statute of limitations defense raised by appellees' new matter. Nor did appellant request the court below to permit him to file a late reply, as contemplated by Rule 126. Had the hearing judge known of appellant's answer to the motion he would have observed that (although failing to file a reply to new matter) appellant did claim to have a defense to the bar of the statute of limitations. We cannot tell whether, given this knowledge, the judge would have chosen in his discretion to regard appellant's answer to appellees' motion for judgment on the pleadings as a reply to new matter, filed late by leave of court. Ordinarily "a lower court will not be reversed either for waiving or refusing to waive non-compliance with procedural rules in the absence of a showing of an abuse of discretion which has caused manifest and palpable injury to the [opposing] party." *Templeton Appeal,* 399 Pa. 10, 16, 159 A. 2d 725, 729 (1960). Nonetheless here we have no alternative but to reverse, for no discretion was exercised at all. In reversing we do not hold that the motion judge must treat appellant's answer to appellees' motion for judgment on the pleadings as though it were a timely reply to appellees' new matter. How strictly procedural rules must be followed is a matter that should be left at least in most cases to the discretion of the lower courts, for they are usually in a better position than we to determine the strictness required to assure "the just, speedy and inexpensive determination of every action or proceeding." Pa. R. C. P. 126. We merely afford the motion judge an opportunity to exercise his discretion in a case in which he was not previously aware that the question before him was contested and that an exercise of his discretion was therefore in order.

The order of the court below is reversed.

JACOBS, J., dissents.