## Lucas v. SEPTA

*Walter Lazaroff*, for plaintiff.

*G. Roger Bowers*, for defendant.

*Benjamin F. Levy*, for additional defendant.

SABO, J., December 16, 1974.—Under the Pennsylvania Rules of Civil Procedure, in a trespass action the defense of the statute of limitations is properly raised by a defendant in his answer under the heading "New Matter": Pa. R. Civ. P. 1045(b).

Furthermore, under Pennsylvania case law, the affirmative defense of the statute of limitations may only be raised by new matter and not raised by preliminary objection: Louis v. Clark, 227 Pa. Superior Ct. 547, 323 A. 2d 298 (1974); Goldstein v. Stadler, 417 Pa. 589 (1965).

The case of Schmucker v. Naugle, 426 Pa. 203 (1967), does not stand for the proposition that the defense of statute of limitations may be brought by preliminary objection. Rather, that case deals with the substantive effect of the statute of limitations, rather than the procedure required in raising it. The Schmucker case merely states that defendant raised the defense of statute of limitations in "proper pleadings." The court does not state in that case what the "proper pleadings" were.

Where the statute of limitations may be waived under certain factual situations, the proper procedure is to raise this issue by pleading under new matter, and, thereby, permitting plaintiff to raise the issue by answer thereto.

Therefore, and for the above-stated reasons, defendant City of Philadelphia's preliminary objections are denied and dismissed.