359 A.2d 468

COMMONWEALTH of Pennsylvania ex rel.
Brian M. LOGAN

v.

Marilyn K. TOOMEY, Appellant.

Superior Court of Pennsylvania.

Submitted April 12, 1976.

Decided June 28, 1976.

---

82

A. A. Bluestone, Pittsburgh, for appellant.

John L. Bailey, Pittsburgh, for appellee.

Before WATKINS, P. J., and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

Appeal is taken to our Court from an Order wherein appellee, following hearing, was granted visitation rights in respect to his minor child (who was in the custody of

appellant, the child's mother) by an order dated October 8, 1975. In pertinent part, the Order is as follows:

> . . . that [appellee] . . . be and is hereby permitted visitation rights with said child as follows: One weekend every other month from Friday noon until Sunday noon. . . . During these visits said [appellee] . . . is permitted to take [the child] . . . to Akron, Ohio; and ten consecutive days during the summer months. . . . During these visits, [appellee] . . . is permitted to take [child] . . . to the State of Florida.

Appellee had initiated the proceeding by filing in the lower court a "complaint for partial custody." Added to the record, and referred to by both parties at the hearing, were 1). a divorce decree of March 5, 1973, granted by the Court of Common Pleas of Summit County, Ohio, wherein was incorporated 2). a separation agreement dated December 15, 1972, which agreement contained the provisions that appellant herein was to have custody and appellee, reasonable visitation rights, and 3). an order of said Ohio Court dated April 16, 1974, which order decreed that "the visiting rights of Defendant [appellee herein] with the minor child of the parties shall be at all reasonable times with the right of the defendant [appellee herein] to take the minor child into his possession while visiting with said minor child, but shall not be allowed to leave the general vicinity of Pittsburgh, Pennsylvania during said visiting time; that the defendant shall give to the plaintiff [appellant herein] a one (1) week notification of the exercise of said visitation rights."

On October 15, 1975, appellant filed in the lower court a "petition for supersedeas," alleging, *inter alia,* a fear that appellee would not return the child once out of the jurisdiction of Pennsylvania, that the October 8, 1975, order hereinabove referenced was unenforceable, that she had taken an appeal to the Superior Court, and that

the best interests of the child mandated that he remain with appellant. Following hearing on October 20, 1975, the lower court granted supersedeas upon certain conditions, one of which was that appellee could visit the child at specified times within Allegheny County only, and further ordered plaintiff to post a $1,500.00 compliance bond. Also, on October 15, 1975, appellant filed her appeal to our Court, certiorari issuing forthwith and returnable on April 1, 1976.

██ Initially we find that the Order of October 20, 1975, is of no effect. Once an appeal is taken and certiorari is served upon the court of first instance, that court is without jurisdiction to proceed further until the appellate court disposes of the matter. *Corace v. Balint,* 418 Pa. 262, 210 A.2d 882 (1965) and *Weise v. Goldman,* 229 Pa.Super. 187, 323 A.2d 31 (1974). Our record shows that the lower court received our certiorari on October 15, 1975. The lower court may act so as to preserve the status quo, which in this case is the Order of October 8, 1975. *Appeal of New Brighton Railroad,* 105 Pa. 13 (1884). We view the October 20, 1975, order as one which substantially changed the import of the former order. Therefore, the later order was of no effect.

██ As to the merits of the case, appellant argues that the lower court did not have jurisdiction to entertain appellee's complaint for visitation. Our law is clear "that jurisdiction in custody cases instituted by habeas corpus follows either the domicile of the minor children or the residence of the children, and the domicile of a child is that of the parent having custody." *Swigart v. Swigart,* 193 Pa.Super. 174, 177, 163 A.2d 716, 718 (1960). Also *Commonwealth ex rel. Camp v. Camp,* 150 Pa.Super. 649, 29 A.2d 363 (1942). We hold that this rule obtains as well in this case, begun by a complaint asking for partial custody or visitation. Both the domicile and residence of the child and the parent having cus-

tody being in Pennsylvania, we hold that the lower court had jurisdiction. We are not required to give full faith and credit to the April 16, 1974, Ohio order. In *Commonwealth ex rel. Thomas v. Gillard*, 203 Pa.Super. 95, 198 A.2d 377 (1964), we stated that if the Pennsylvania court properly can exercise jurisdiction in a case, based upon the child's residency and domicile, as well as that of his custodian, then it can order custody with the primary consideration being the child's welfare. We recognize that the Pennsylvania and Ohio orders conflict insofar as the latter does not permit removal of the child by appellee from the vicinity of Pittsburgh, Pennsylvania. Regardless of any effect the Ohio order had when it was issued, appellant and child even then residing in Pennsylvania, our examination into current circumstances leads us to the conclusion that a modification of the Ohio order of visitation is called for. *Proctor v. Proctor*, 213 Pa.Super. 171, 245 A.2d 684 (1968), certiorari denied 396 U.S. 839, 90 S.Ct. 101, 24 L.Ed.2d 90 (1969), based upon *New York ex rel. Halvey v. Halvey*, 330 U.S. 610, 67 S.Ct. 903, 91 L.Ed. 1133 (1947) and *Kovacs v. Brewer*, 356 U.S. 604, 78 S.Ct. 963, 2 L.Ed.2d 1008 (1958).

Appellant argues that the visitation hearing was insufficient in that the best interests of the child were not addressed, and that the resultant October 8 Order is not in the child's best interest. We do not reach this conclusion, based upon our study of the transcript of said hearing.

Appellant further argues that the lower court cannot issue an order which would be unenforceable outside the jurisdiction. The problem to which appellant alludes, that appellee may not return the child to its mother, who has custody, once appellee has taken the child out of the jurisdiction, is ever-present in cases of custody and visitation rights. However, the posting of a compliance bond should be a reasonable guarantee by the party

who is posting it that he will comply with the terms of the order. Such was done in this case by the order of October 20, 1975, which is ineffective.

Order of October 20, 1975, is vacated; to the order of October 8, 1975, there is added the following provision: "This Order is conditioned upon Brian M. Logan posting a bond in the sum of $1,500.00, approved by the court, to guarantee his faithful compliance with this order." As thus modified, the Order of October 8, 1975, is affirmed.

HOFFMAN, CERCONE, PRICE and SPAETH, JJ., concur in the result.