450 A.2d 715

**Margaret BARTLE, Appellant,**

v.

**Joseph BARTLE.**

Superior Court of Pennsylvania.

Argued Oct. 20, 1981.

Filed Sept. 24, 1982.

Wesley C. Allen, Philadelphia, for appellant.

Neil Carver, Philadelphia, for appellee.

Before BECK, WATKINS and HOFFMAN, JJ.

WATKINS, Judge:

This case comes to us on appeal from the Court of Common Pleas of Philadelphia County, Family Division, and involves appellant's appeal from an Order of the court below dated September 3, 1980 by which the court granted appellee's petition for reconsideration of a previous order, vacated the previous order which had granted custody of the parties' minor child to the appellant, and transferred custody of said minor child to the appellee.

Appellant is the mother of the minor child and appellee is the child's father. On August 2, 1978 the appellant filed a habeas corpus petition with the court below seeking custody of the child. After a full hearing the court entered an order on December 19, 1978 granting custody of the child to appellant. The appellee then filed a Petition for Reconsideration of the order which was denied on January 12, 1979.

On that date the appellee filed a timely appeal from the original order of December 19, 1978 to this Court. On May 7, 1979, the appellee filed another Petition for Reconsideration with the court below and changed counsel. On February 13, 1980 a hearing was held on appellee's second Petition for Reconsideration and on September 3, 1980 the court entered an order awarding custody of the child to the appellee. The appellant appealed the order of September 3, 1980 on October 2, 1980. On April 16, 1981 the appellee discontinued his appeal to our Court.

■ Appellant's first argument is that the order of September 3, 1980 transferring custody of the minor child to the appellee should be reversed because the court below lacked jurisdiction to enter that order since the appellee had appealed the original order of December 19, 1978 and the matter was on appeal at the time that the subsequent order was entered. Because we agree with this contention, we need not consider appellant's other arguments and will reverse the Order of September 3, 1980 and reinstate the Order of December 19, 1978.

The record reveals that appellant's attorney had objected to the subsequent hearing because the matter was on appeal. The court responded that it understood that "the appeal was withdrawn". However, such was not the case and the court below had been misinformed as to the status of the appellee's appeal of its original order. This meant that appellee was permitted to enjoy the "best of both worlds" at the February 13, 1980 hearing in that he was permitted to have the issue of custody being decided by both the court below and our Court simultaneously. Presumably, the appellee would then decide which decision best suited his interests and would choose to abide by that result. Such a situation is manifestly unfair and should never be tolerated by our appellate courts. This is so even if the appellee had labored under the false impression that his appeal had been withdrawn. Once a litigant takes an appeal it is not too much to ask that he remain aware of the status of that appeal whether or not he chooses to retain new counsel and that he

accurately inform new counsel of the status of the appeal or have his new counsel determine its status.

■ Once an appeal has been taken from its order the trial court loses jurisdiction over the subject matter of the case until the appellate court rules. *Pa.Rules Appellate Pro. 1701(a); Weise v. Goldman,* 229 Pa.Superior Ct. 187, 323 A.2d 31 (1974); *Commonwealth ex rel Logan v. Toomey,* 241 Pa.Superior Ct. 80, 359 A.2d 468 (1976). Although *Pa.Rules Appellate Pro. 1701(b)(3)* sets forth an exception to the general rule it also sets forth certain, specific procedural mandates with regard to such exceptions none of which were followed in this case.

Because the court below did not have jurisdiction to hear the case, the Order of September 3, 1980 is reversed and the Order dated December 19, 1978 granting custody to the appellant is reinstated.