459 A.2d 424

**Miriam KOZAK, Appellant,**

v.

**CITY OF PHILADELPHIA and Tony DePaul & Sons.**

Superior Court of Pennsylvania.

Submitted June 4, 1982.

Filed April 29, 1983.

Alan B. Epstein, Philadelphia, for appellant.

Niki Teresa Ingram, Assistant City Solicitor, Philadelphia, for City of Philadelphia, appellee.

H. Allen Litt, Philadelphia, for DePaul & Sons, appellee.

Before HESTER, CIRILLO and JOHNSON, JJ.

JOHNSON, Judge:

This is an appeal from the order of January 19, 1981 dismissing, with prejudice, Appellant's complaint. Appellant was injured on April 13, 1978 when her vehicle came into contact with a raised manhole cover on a Philadelphia street. Pursuant to a praecipe for a writ of summons filed July 18, 1980, Appellant filed a complaint in trespass against both Appellees. Appellee Tony DePaul & Sons (DePaul) filed an answer and new matter alleging, inter alia, that the complaint was barred by the two year statute of limitations. Appellant's reply to DePaul's new matter admitted that the cause of action occurred more than two years prior to the date suit was instituted.

The City of Philadelphia (City) also filed an answer and new matter, but did not raise the defense of statute of limitations. Appellant filed a reply to the City's new matter.

On December 12, 1980, DePaul filed a motion for judgment on the pleadings and accompanying rule and order. Appellant, upon receiving notice of the motion, informed DePaul that she would not contest the motion if DePaul limited relief to dismissal of the complaint against DePaul only. In response, DePaul apparently sent a cover letter, dated January 8, 1981, along with an amended order and rule to the clerk of motion court in Philadelphia. The amended order and rule requested dismissal of Appellant's complaint as against DePaul only.[1] On January 19, 1981, the trial court signed the original order dismissing the complaint with prejudice as to all parties. Appellant and DePaul subsequently filed a stipulation on January 27, 1981 requesting the order of January 19 be stricken and substituted, so as to permit dismissal as to DePaul only. Appellant then filed her notice of appeal on February 13, 1981.

Appellant argues on appeal that because the trial court failed to exercise its discretion, the dismissal of Appellant's complaint must be reversed. Appellant theorizes that because the trial court did not have the *amended* rule and order before it when its decision was made, due to an administrative error, and because the City failed to raise the defense of the statute of limitations, the order of January 19 must be reversed and remanded.

Appellant refers us to *Lewis v. Clark,* 227 Pa.Super. 547, 323 A.2d 298 (1974). In *Lewis,* plaintiff filed a complaint in trespass and defendant raised, by way of new matter in his answer, the statute of limitations as a bar to the action. After giving advance notice to plaintiff, defendant filed a motion for judgment on the pleadings, but before the motion was filed, plaintiff filed an answer to the motion claiming defendant was estopped from asserting the statute of limitations as a bar to the action. The motions judge entered judgment in favor of the defendant, without having before him plaintiff's answer to the motion. Plaintiff con-

---

**1.** The cover letter requested the motion clerk to forward the amended order and rule to the motions judge. We also note that the cover letter fails to indicate that a copy was served upon the City, as per Pa.R.C.P. 233(a) and (c).

tended that his answer was omitted from the record because of administrative error by the court.

This court stated:

> Ordinarily "a lower court will not be reversed either for waiving or refusing to waive noncompliance with procedural rules in the absence of a showing of an abuse of discretion which has caused manifest and palpable injury to the [opposing] party." *Templeton's Appeal,* 399 Pa. 10, 16, 159 A.2d 725, 729 (1960). Nonetheless here we have no alternative but to reverse, for no discretion was exercised at all. In reversing we do not hold that the motion judge must treat appellant's answer to appellee's motion for judgment on the pleadings as though it were a timely reply to appellee's new matter. How strictly procedural rules must be followed is a matter that should be left at least in most cases to the discretion of the lower courts, for they are usually in a better position than we to determine the strictness required to assure "the just, speedy and inexpensive determination of every action or proceeding." Pa.R.Civ.P. 126. We merely afford the motion judge an opportunity to exercise his discretion in a case in which he was not previously aware that the question before him was contested and that an exercise of his discretion was therefore in order.

*Lewis v. Clark,* 227 Pa.Super. at 551, 323 A.2d at 300.

In the instant case, the trial court stated in its opinion that an examination of the record indicated that it was devoid of the filing of any request to amend the pleadings which were before the court on January 19. The record, as transmitted to this court, indicates that copies of the January 8, 1981 letter and amended order and rule were filed by Appellant with her Statement of Matters Complained Of on March 10, 1981. It therefore appears that the trial court was correct, in that an error occurred in the transmission of the documents between DePaul's counsel and the motions judge, whereby the trial court did not have the amended documents before it at the time it issued its order.

■ Therefore, as the trial court was without the amended order and rule which both Appellant and DePaul intended to be presented, the trial court was unable to exercise its discretion in granting the order dismissing Appellant's complaint as to DePaul only.

We note that Appellant has admitted in her reply to DePaul's statute of limitations argument that suit was initiated more than two years after the cause of action occurred. However, the City did not raise this defense prior to the January 19 order.[2]

■ It is well-settled that the personal injury statute of limitations is a waivable defense, and may be waived if not raised in new matter. *See Stoltzfus v. Haus*, 234 Pa.Super. 46, 334 A.2d 738 (1975). Therefore, although the trial court may enter final judgment on the basis of the pleadings for or against any party regardless of which party moved for judgment, Pa.R.C.P. 1034; *Boron v. Smith*, 380 Pa. 98, 110 A.2d 169 (1955), the pleadings do not appear to justify dismissal of the complaint in favor of the City when the City has failed to raise a waivable statute of limitations.

Therefore, for this reason and the fact that the trial court was unable to exercise its discretion because of an error in the transmission of documents, the order dated January 19, 1981 is vacated and the case remanded to the trial court for further proceedings consistent with this opinion.[3] Jurisdiction is not retained.

2. The record indicates that subsequent to this appeal being perfected the City filed a pleading entitled Supplemental New Matter, raising the statute of limitations. A copy of a court order, located in Appellant's reproduced record, indicates that this pleading was stricken pursuant to preliminary objections filed by Appellant. That court order was a nullity, as the trial court lost jurisdiction over the subject matter of the case once the appeal had been taken. Pa.R.A.P. 1701(a); *Bartle v. Bartle*, 304 Pa.Super. 348, 450 A.2d 715 (1982).

3. It may well be that, upon remand and the proper filing of amended pleadings by the City, the trial court will dismiss the action as to all parties.