J-S12044-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR GSAMP TRUST 2004-NC2, BY ITS ATTORNEY-IN-FACT, OCWEN LOAN SERVICING, LLC | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : | |
| TUYEN T. TRAN & SHELIA A. TRAN, | : : | |
| Appellants | : | No. 1348 MDA 2016 |

Appeal from the Order entered July 19, 2016
in the Court of Common Pleas of Lancaster County,
Civil Division, No(s): CI-03-04399

BEFORE:  PANELLA, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED APRIL 19, 2017**

Tuyen T. Tran and Shelia A. Tran ("the Trans") appeal from the Order granting summary judgment in favor of Deutsche Bank National Trust Company, as Trustee for GSAMP Trust 2004-NC2 ("Deutsche Bank"), by its attorney-in-fact, Ocwen Loan Servicing, LLC ("Ocwen"), in a mortgage foreclosure action with respect to real property located at 1705 Drummers Lane, Lancaster, Pennsylvania ("the Property").  We affirm.

On June 29, 2004, the Trans entered into a home mortgage loan transaction with New Century Mortgage Corporation ("New Century"), wherein the Trans executed an Adjustable Rate Note ("the Note") for $207,000, plus interest.  The Note provides for initial monthly payments of $1,370.24, to commence on September 1, 2004, and an initial interest rate

of 6.95% per annum. The Note also specifies a "maturity date" of August 1, 2034, at which time any outstanding balance shall be paid in full. On the same date, the Trans executed a mortgage on the Property to secure the Note, which was recorded in the Lancaster County Recorder of Deeds Office on August 5, 2004 (the Note and mortgage will hereinafter be collectively referred to as "the Mortgage").

On November 9, 2007, the Trans executed a Modification Agreement for the remaining $202,716.52 balance on the Mortgage with Deutsche Bank National Trust Company, as Trustee for GSAMP Trust 2004-NC2, Pooling and Servicing Agreement dated as of October 1, 2004 ("Deutsche Pooling and Servicing"). The Modification Agreement provides for monthly payments of $1,465.28, and an interest rate of 7.5% per annum.

New Century assigned the Mortgage to Deutsche Pooling and Servicing on May 8, 2012, and the assignment was recorded on June 15, 2012.[1]

On October 1, 2012, the Trans defaulted on the Mortgage by failing to make their monthly payment. The Trans failed to make any subsequent monthly payments. On February 1, 2013, the Trans were provided an Act 6 and Act 91 Combined Notice,[2] which included a notice of default, and notice of intention to foreclose.

---

[1] The assignment was executed by New Century, through Ocwen as its attorney-in-fact, and indicates that Ocwen's power of attorney was recorded on September 6, 2005.

[2] *See* 41 P.S. §§ 101-605; 35 P.S. §§ 1680.401(c)-1680.410(c).

- 2 -

Deutsche Pooling and Servicing assigned the Mortgage to Deutsche Bank on March 19, 2013, and the assignment was recorded on April 12, 2013.

Deutsche Bank filed a Complaint in mortgage foreclosure on May 9, 2013, appending thereto the Mortgage and accompanying riders, and the Act 6 and Act 91 Combined Notice. The Trans, *pro se*, filed an Answer on May 18, 2013, which consisted primarily of general denials (they admitted only their identities).

On February 18, 2015, the Trans, through counsel, filed a Petition for Leave to Amend Answer, and a brief in support thereof. On February 19, 2015, the trial court issued a Rule to Show Cause, instructing Deutsche Bank to file an answer to the Trans' Petition for Leave to Amend within 20 days, and stating that "[d]iscovery shall be completed within forty-five (45) days of service of the [a]nswer." Deutsche Bank did not respond, and on May 11, 2015, the trial court entered an Order instructing the Trans to file their Amended Answer and New Matter within 20 days.

On May 13, 2015, the Trans filed an Amended Answer and New Matter, alleging that Ocwen does not possess a valid power of attorney; the assignment of the Mortgage to Deutsche Bank is invalid; and an unrelated federal lawsuit against Ocwen, and the resulting Consent Judgment, gives rise to the inference that the individual who verified the Complaint in this

case did not have personal knowledge of the allegations. Deutsche Bank filed a Reply on July 16, 2015.

On July 21, 2015, Deutsche Bank filed a Motion for Summary Judgment, alleging that there were no genuine issues of material fact regarding the Trans' default on mortgage payments, the assignments of the Mortgage, or Deutsche Bank's entitlement to enforce the Mortgage. The Trans filed a brief in response, and requested oral argument. On February 3, 2016, following oral argument, the trial court entered an Order granting the parties 90 days to complete additional discovery, and submit supplemental briefs and exhibits. Neither party filed any additional briefs or exhibits. On July 19, 2016, the trial court granted summary judgment in favor of Deutsche Bank, and awarded Deutsche Bank an *in rem* judgment against the Trans in the amount of $273,818.51, together with interest, costs and charges collectible.

The Trans filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, the Trans raise the following questions for review:

1. Does [Deutsche Bank's] failure to respond to factual allegations in [the Trans'] New Matter create genuine issues of material fact precluding the grant[] of summary judgment?

2. Are there genuine issues of material fact as to whether [Deutsche Bank] is the real party in interest as assignee of the original [M]ortgage?

Brief for Appellants at 5 (issues renumbered).

- 4 -

Our standard of review of an order granting a motion for summary judgment is well-settled:

> We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

*Daley v. A.W. Chesterton, Inc.*, 37 A.3d 1175, 1179 (Pa. 2012) (citation omitted). Further, in mortgage foreclosure proceedings, "[t]he holder of a mortgage is entitled to summary judgment if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount." *Bank of America, N.A. v. Gibson*, 102 A.3d 462, 465 (Pa. Super. 2014).

In their first claim, the Trans argue that they raised an affirmative defense in the New Matter regarding ownership of the Mortgage. Brief for Appellants at 14. The Trans state that they attached a Notice to Plead to their Amended Answer and New Matter. *Id.* at 13. The Trans claim that Deutsche Bank's Reply was untimely, and therefore, the factual allegations contained in the New Matter are admitted as a matter of law. *Id.* at 13-14. The Trans contend that "[b]y virtue of these admissions, [Deutsche Bank] cannot prove that it possesses an ownership interest in the [M]ortgage to

- 5 -

maintain its Complaint[,] and its request for summary judgment must be denied." ***Id.***

Pennsylvania Rule of Civil Procedure 1026 provides that "every pleading subsequent to the complaint shall be filed within twenty days after service of the preceding pleading, but no pleading need be filed unless the preceding pleading contains a notice to defend or is endorsed with a notice to plead." Pa.R.C.P. 1026; ***see also Louis v. Clark***, 323 A.2d 298, 299 (Pa. Super. 1974) (stating that "[s]ince the reply is a pleading, it should be filed (assuming there is an endorsement giving notice to plead) within twenty days after service of the answer raising the new matter."). However, "it is within the sound discretion of the court to permit a late pleading to be filed where the opposing party will not be prejudiced and justice so requires." ***Clark***, 323 A.2d at 299-300; ***see also*** Pa.R.C.P. 126 (providing that "[t]he court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.").

Here, the Trans filed their Amended Answer and New Matter on May 13, 2015. Deutsche Bank filed its Reply on July 16, 2015, beyond the twenty-day deadline established by Rule 1026.

Because the Trans did not file a motion with the trial court to obtain judgment against Deutsche Bank, the trial court deemed this issue waived. ***See*** Trial Court Opinion, 10/7/16, at 4. Notwithstanding, the trial court

considered the Trans' first claim, and concluded that "nothing suggests that the substantial rights of either party were affected by allowing [Deutsche Bank's] late [R]eply…. [The Trans] were not prejudiced by this untimely filing and have made no claim that they were." ***Id.*** at 3; ***see also id.*** n.1 (stating that the Trans "appear willing to overlook the fact that their [A]mended [A]nswer and [N]ew [M]atter was filed after the passage of a much longer period of time."). Additionally, the trial court concluded that no response was necessary because the Trans failed to set forth facts to support an affirmative defense, and instead, stated conclusions of law relating to a lawsuit filed against Ocwen in federal court. ***See id.*** at 3-4; ***see also Gotwalt v. Dellinger***, 577 A.2d 623, 626 (Pa. Super. 1990) (stating that "[i]f a party's new matter does not contain facts supporting an affirmative defense, but rather contains merely conclusions of law, no denial is required because such averments are deemed to be denied."); Pa.R.C.P. 1029(d) (providing that "[a]verments in a pleading to which no responsive pleading is required shall be deemed to be denied."). Upon review, we discern no abuse of discretion in the trial court's determination that Deutsche Bank's untimely Reply did not result in admissions of fact such that would create genuine issues of material fact, thereby precluding the entry of summary judgment. Accordingly, the Trans' first claim is without merit.

In their second claim, the Trans assert that Deutsche Bank has not proven it is the valid assignee of the original Mortgage. Brief for Appellants

at 11. The Trans claim that New Century's assignment to Deutsche Pooling and Servicing was recorded by Ocwen in 2012 as New Century's agent. *Id.* The Trans also state that New Century filed for Chapter 11 bankruptcy in 2007, and accordingly, New Century's assets were under the jurisdiction of the bankruptcy court at the time of the purported assignment. *Id.* at 11-12. The Trans argue that "[t]here are no documents in New Century's bankruptcy case which permitted New Century … to alienate any of its property. As such, there was simply no authority for Ocwen as agent under power of attorney for New Century to [] assign the [M]ortgage during the pendency of the bankruptcy." *Id.* at 12. The Trans contend, in the alternative, that they entered into a Modification Agreement with another entity in 2007. *Id.* at 12-13. While the Trans concede they are unable to prove that the Modification Agreement resulted in a valid assignment, "as no documentation has ever been provided that would show such[,]" they assert that the Modification Agreement could create an inference that the Mortgage had been assigned prior to 2012. *Id.* at 13.[3]

The Trans' second claim challenges Deutsche Bank's standing to bring the foreclosure action. In a foreclosure action, the plaintiff can prove standing either by showing that it (1) originated or was assigned the mortgage, or (2) is the holder of the note specially indorsed to it or indorsed

---

[3] We note that the Trans' discussion of this claim includes only one citation to authority. *See* Pa.R.A.P. 2119(a) (requiring that each point in an argument contain "such discussion and citation of authorities as are deemed pertinent."). Nevertheless, we will consider the Trans' claim.

in blank. ***J.P. Morgan Chase Bank, N.A. v. Murray***, 63 A.3d 1258, 1267-68, 1268 n.6 (Pa. Super. 2013); ***see also CitiMortgage, Inc. v. Barbezat***, 131 A.3d 65, 69 (Pa. Super. 2016) (stating that "[w]here an assignment is effective, the assignee stands in the shoes of the assignor and assumes all of his rights.").

Here, the Trans admit their identity and their execution of the Mortgage in 2004 to secure the $207,000 loan. ***See*** Amended Answer and New Matter, 5/13/15, at ¶¶ 2, 3. Paragraph 7 of the Complaint alleges that the Mortgage is in default "as a result of the failure to pay the monthly installments … due on October 1, 2012 and on the same day of each month thereafter[,]" and Paragraph 8 details, by line item, the total due on the Mortgage. Complaint, 5/9/13, ¶¶ 7, 8. The Trans denied both allegations as conclusions of law. ***See*** Amended Answer and New Matter, 5/13/15, ¶¶ 7, 8. ***But see*** Brief for Appellants at 10 (wherein the Trans admit that "they have not made a mortgage payment for a long time."). As to Paragraph 8, the Trans also indicated that "there is insufficient detail to determine the various line items of alleged sums due." Amended Answer and New Matter, 5/13/165 ¶ 8; ***see also*** Pa.R.C.P. 1029(c) *Note* (stating that "[r]eliance on subdivision (c) does not excuse a failure to admit or deny a factual allegation when it is clear that the pleader must know whether a particular allegation is true or false."); ***Gibson***, 102 A.3d at 467 (stating that "general denials by mortgagors that they are without information sufficient to form a belief as to

the truth of averments as to the principal and interest owing on the mortgage must be considered an admission of those facts.") (citation, quotation marks, and brackets omitted). Further, the Trans admit that the assignment from New Century to Deutsche Pooling and Servicing, and the subsequent assignment from Deutsche Pooling and Servicing to Deutsche Bank, exist in the Lancaster County Recorder of Deeds Office. **See** Amended Answer and New Matter, 5/13/15, ¶ 4.

Deutsche Bank attached to its Motion for Summary Judgment a copy of both assignments identified in the Complaint. **See** Motion for Summary Judgment, Exhibit 2A. Deutsche Bank also attached to its Brief in Support of Summary Judgment copies of the relevant limited powers of attorney appointing Ocwen as Deutsche Bank's attorney-in-fact (the first became effective as of June 7, 2012, and the second became effective as of November 18, 2013). **See** Brief in Support of Motion for Summary Judgment, Exhibit 10. Each limited power of attorney identifies Deutsche Bank as Trustee for various trusts, including GSAMP Trust 2004-NC2, and grants Ocwen authority to pursue mortgage foreclosures on its behalf. **See** **id.**

In its Opinion, the trial court concluded that the Trans' admission regarding the assignments from New Century to Deutsche Pooling and Servicing, and from Deutsche Pooling and Servicing to Deutsche Bank, conferred *prima facie* standing on Deutsche Bank as a party in interest. **See**

Trial Court Opinion, 8/7/16, at 5. Regarding the Trans' alternative argument that the Modification Agreement alienated New Century's interest in the Mortgage, the trial court concluded that even if New Century had alienated its interest in the Mortgage, it had done so in favor of Deutsche Bank. **See id**. at 6; **see also id.** (stating that the Trans acknowledged Deutsche Bank's interest in the Mortgage by signing the Modification Agreement). The trial court also concluded that "the mere existence of the bankruptcy filing does not create a genuine issue of material fact."). **Id.** at 7.

Upon review, we agree with the trial court's conclusion. Although the Trans challenge Deutsche Bank's standing to assert foreclosure rights under the Mortgage, the evidence of record establishes that Deutsche Bank properly holds the Mortgage by way of assignment, and is the party in interest in the foreclosure action. **See Murray, supra**. The Trans failed to offer evidence, in opposition to the Motion for Summary Judgment, that establishes a genuine issue of material fact regarding the validity of the assignments. **See Gerber v. Piergrossi**, 142 A.3d 854, 860 (Pa. Super. 2016) (concluding that, where the evidence of record established that appellees held the mortgage by valid assignment, and appellants offered no evidence to establish a genuine issue of material fact, the trial court did not err by granting summary judgment in favor of appellees). Moreover, despite receiving 90 days to conduct additional discovery, the Trans failed to file any additional supplemental briefs or exhibits in support of their allegations.

- 11 -

Accordingly, the trial court did not err or abuse its discretion in granting

Deutsche Bank's Motion for Summary Judgment.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/19/2017