**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| XIONG YAN HUANG | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SUSAMMA YOHANNAN, | : | |
| | : | No. 903 EDA 2023 |
| v. | : | |
| | : | |
| MARIAMMA THOMAS, HUANG X. | : | |
| KELLY, NOVA ABSTRACT, LLC, | : | |
| BABU VARGHESE | : | |
| | : | |
| | : | |

Appeal from the Judgment Entered August 1, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 190605127

BEFORE:   STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY KUNSELMAN, J.:          **FILED MARCH 22, 2024**

In this property dispute, Xiong Yan Huang appeals from the judgment entered in the trial court following a bench trial. Among other relief, the trial court dismissed Ms. Huang's ejectment action against Susamma Yohannan and quieted title to the home in favor of Mrs. Yohannan. We affirm.

Mrs. Yohannan and her husband lived in their Philadelphia home for 18 years. Then, on October 21, 2016, Mr. Yohannan's sister, Mariamma Thomas, sent two people – including Real-Estate Agent, Huang X. Kelly ("Agent") – to

---

[*] Former Justice specially assigned to the Superior Court.

the home. After speaking privately with the bedridden Mr. Yohannan, the Agent "pressured Mrs. Yohannan to sign a single sheet of paper" that then bore Mr. Yohannan's signature. Trial Court Opinion, 6/27/23, at 2. Believing the paper confirmed a debt the Yohannans owed to Ms. Thomas, Mrs. Yohannan signed. *Id.*

The paper was a quitclaim deed, granting the home to Ms. Thomas for $1.00. Ms. Thomas recorded the document on December 16, 2016. Still, the Yohannans remained in the home for two more years. When Mr. Yohannan died on August 13, 2018, Ms. Thomas told Mrs. Yohannan that she planned to sell the home. *See id.* at 3. Ms. Thomas and the Agent put the home on the market, over Mrs. Yohannan's objections.

In April 2019 Ms. Huang agreed to buy the home from Ms. Thomas for $125,000.00, even though she knew Mrs. Yohannan still lived there. On May 15, 2019, Ms. Thomas deeded the property to Ms. Huang. Three weeks later, Ms. Huang sued Mrs. Yohannan for ejectment; she only requested "judgment for possession of the aforesaid premises." Huang's Complaint at 2. Mrs. Yohannan counterclaimed. She sought quiet title against Ms. Huang and four additional, joined defendants.[1] Ms. Huang filed a reply to the counterclaim, but she raised no affirmative defenses. *See* Plaintiff's Reply to Defendant's New Matter and Counterclaim at 14.

---

[1] The joined defendants were Ms. Thomas; the Agent; Nova Abstract, LLC; and Babu Varghese, Esq. They did not participate in this appeal.

The matter proceeded to a bench trial. The court ruled in favor of Mrs. Yohannan, dismissed Ms. Huang's ejectment claim as meritless, declared both deeds void, ordered them stricken from the records, and determined Ms. Huang was **not** a *bona fide* purchaser. **See** T.C.O., 11/9/22 at 1-2. Also, the trial court awarded Ms. Huang $125,000.00 from Ms. Thomas and awarded Ms. Thomas $78,654.00 from Mrs. Yohannan. **See** Trial Work Sheet, 11/9/22 at 1.

Only Ms. Huang moved for post-trial relief, which the trial court denied. She timely appealed.

Ms. Huang raises two appellate issues:

1. Did the trial court err in its verdict based on its own weighing of the evidence?

2. Does a claim of fraud lose its statute of limitations in a quiet title action?

Huang's Brief at 3. As we explain, Ms. Huang did not preserve either issue for review.

"The issue of waiver presents a question of law, and, as such, our standard of review is *de novo*, and our scope of review is plenary." **Trigg v. Children's Hosp. of Pittsburgh of UPMC**, 229 A.3d 260, 269 (Pa. 2020).

"Issues not included in the [Rule 1925(b) Statement of Errors Complained of on Appeal] and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii).

Ms. Huang's first issue does not appear in her Rule 1925(b) statement, which was as follows:

1. The [trial c]ourt erred in not applying the two year statute of limitations for fraud, in this case, where the alleged fraudulent inducement was being brought against the 2016 deed, rather than the twenty-one year statute of limitations for real property transactions, where the two year statute would have barred [Mrs. Yohannan's] counterclaim.

2. The [trial c]ourt erred in granting an impermissible remedy under Rules 1057 and 1066 of the Rules of Civil Procedure, for an action premised on ejectment and quiet title, in that the [trial c]ourt issued an Order awarding monetary damages and not a judgment for possession of real property or what is clearly a conditional [non-jury decision].

3. The [trial c]ourt erred in applying the law of incapacity, in that clear and convincing evidence was required to show that Mr. Yohannan lacked capacity to execute a deed, which was prepared and recorded according to law, and which pursuant to substantial testimony was in exchange for substantial debt Mr. and Mrs. Yohannan had incurred with their brother-in-law while constructing a new home in India.

4. The [trial c]ourt erred in determining that [Mrs.] Yohannan was fraudulently induced to sign the deed when precedent states that lack of knowledge of English and/or business acumen is not grounds to invalidate a legally executed document.

5. The [trial c]ourt erred in not finding for [Ms.] Huang, who by all accounts was a good faith purchaser for value of the property.

Huang's 1925(b) Statement at 1. Notably, none of these issues challenges the trial court's weighing of the evidence. By failing to include her first appellate issue in her 1925(b) statement, Ms. Huang has waived it.

Regarding Ms. Huang's second issue, as Mrs. Yohannan observes, if "a party fails to raise a statute of limitations defense as new matter, the statute of limitations defense is waived." Yohannan's Brief at 13 (citing **_PennDOT v. Bethlehem Steel Corp._**, 380 A.2d 1308, 1311-1312 (Pa. Cmwlth. 1977), and

*Kozak v. City of Philadelphia*, 459 A.2d 424, 426 (Pa. Super. 1983)) (emphasis removed). "The statute of limitations is an affirmative defense which 'must be specifically pleaded, or the defense is waived.'" *Id.* (quoting *Tanner v. Allstate Ins. Co.*, 467 A.2d 1164, 1168 (Pa. Super. 1983) (some punctuation omitted); *see also* Pa.R.C.P. 1030(a) (including the "statute of limitations" as one of many affirmative defenses that must be pleaded in "New Matter" under penalty of waiver).

As mentioned above, Ms. Huang did not raise any affirmative defenses in her responsive pleading to Mrs. Yohannan's counterclaim for quiet title. As such, Ms. Haung waived the affirmative defense of the statute of limitations at the pleadings stage, long before she raised it in her 1925(b) statement. *See Steiner v. Markel*, 968 A.2d 1253, 1257 (Pa. 2009) (explaining that "a Rule 1925(b) statement cannot resurrect an otherwise untimely claim or objection.").[2]

Ms. Huang's issues dismissed as waived. Judgment affirmed.

---

[2] We note that, in another procedural violation, Ms. Huang smuggles six other issues into her argument, despite not including them in her Statement of Questions Involved. **Compare** Huang's Brief at 2-3 **with** Huang's Brief at 518. An appellant's Statement of Questions Involved "**must** state concisely the issues to be resolved . . . No question will be considered unless it is stated in the Statement of Questions Involved or is fairly suggested thereby." Pa.R.A.P. 2116(a) (emphasis added). Thus, we similarly dismiss the issues Ms. Huang only raises in the argument section of her brief as waived.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/22/2024